UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-145-FDW-DCK

| | |
|---|---|
| ELIJAH HARVEY WALKER and CRYSTAL WALKER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) |
| SGB CORPORATION DBA WEST AMERICA MORTGAGE COMPANY MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM), | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court upon Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss, (Doc. No. 8), pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5), and (6) for insufficient service of process, insufficient process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, and Wintrust Mortgage's ("Wintrust")[1] separately filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). (Doc. No. 11). For the reasons stated herein, Defendant MERS's Motion to Dismiss under Rules 12(b)(2), (4), and (5) is GRANTED, and Defendant Wintrust's Motion to Dismiss under Rule 12(b)(6) is GRANTED.

## I. BACKGROUND

---

[1] Wintrust Mortgage, a division of Barrington Bank & Trust Company, N.A. is successor to named parties Wintrust Mortgage Corporation f/k/a SGB Corporation d/b/a WestAmerica Mortgage Company.

Plaintiffs, who are proceeding *pro se*, initiated this action in the Mecklenburg County, North Carolina Superior Court on January 27, 2012. (Compl., Doc. No. 1, Ex. 4). Defendant MERS, with the consent of Defendant Wintrust, removed the case to this Court on March 2, 2012, (Doc. No. 1), and filed a Motion to Dismiss Plaintiffs' Complaint on March 28, 2012, (Doc. No. 8). In its Motion to Dismiss, MERS avers that Plaintiffs' service and process were defective in that the summons was personally mailed by Plaintiffs and failed to designate any person to be served on behalf of MERS. Defendant Wintrust filed its Motion to Dismiss and alternative Motion for More Definite Statement on March 29, 2012. (Doc. No. 11). In recognition of the unique challenges facing *pro se* plaintiffs, and significantly after the fourteen day time period traditionally afforded to responsive pleadings under the Federal Rules of Civil Procedure, on July 13, 2012, the Court, *sua sponte*, issued an order directing Plaintiff to respond on or before August 3, 2012. (Doc. No. 15). At the time of the present Order, Plaintiffs have neither responded to Defendants' Motions, nor filed any document with the Court since the case was removed.

The gravamen of Plaintiffs' Complaint, read literally, seeks to use the court system to prevent or delay foreclosure on a personal residence. Plaintiffs have specifically listed two causes of action, the first for "Nullification of Security Deed" and the second for "Contract Was Ultra Viris [sic]." (Compl. at 5–6). In providing a liberal construction to these stated actions, the Complaint could be read to include a claim for fraud. (See generally id.). The Complaint, however, contains very limited factual allegations. Instead, the Complaint is rife with citations to numerous appellate cases quoting rules of law while omitting facts in support of the claims Plaintiffs attempt to assert.

Upon reviewing the difficult-to-decipher Complaint, the Court has gleaned that Plaintiffs

allege as follows. "Plaintiff"[2] purchased the subject property, located at 3328 Crutchfield Place, Charlotte, North Carolina. (Compl. at 4). Plaintiffs were the borrowers on a mortgage loan secured by a note and deed of trust on the subject property. (Compl. at 1). Plaintiffs' lender was Defendant SGB Corporation d/b/a WestAmerica Mortgage Company (now Wintrust), who subsequently named Defendant MERS as the beneficiary of the deed of trust. (Compl. at 1). Plaintiffs fear the "lien . . . if enforced [by MERS] would interfere with enjoyment of the property." (Compl. at 5). Plaintiffs generally claim the deed of trust is invalid because Defendant Wintrust did not disclose whether the funds used for the purchase of the subject property belonged to the bank or "other 'depositors.'" (Compl. at 4). Plaintiff concludes that Defendants have no right to be repaid, have no valid interest in the subject property and therefore cannot legally foreclose upon it. (Compl. at 5, 7). Plaintiffs seek abatement of Defendants' claim of any interest in the subject property as well as a return of funds paid by Plaintiff. (Compl. at 7).

## II. ANALYSIS

When considering a motion to dismiss involving *pro se* parties, courts should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see generally Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. Gordon, 574 F.2d at 1151.

**A. MERS's Motion to Dismiss pursuant to Rules 12(b)(2), (4), (5)**

MERS's motion implicates Rules 12(b)(2), (4) and (5) as grounds for dismissal,

---

[2] Although two plaintiffs are named in the caption, the body of the Complaint identifies only "Plaintiff . . . a married man" as the owner of the property at issue in this case.

specifically alleging that process and attempted service of process on Defendant MERS were insufficient as a matter of law because Plaintiffs *personally* attempted to serve process by certified mail and because the summons was not properly addressed to an agent of the corporation. (Doc. No. 9 at 3).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Service rules "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, a "motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). The plaintiff bears the burden of proving that process has been executed in conformity with Rule 4 of the Federal Rules of Civil Procedure. Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

When service of process is attempted before removal to Federal Court, the state's service of process rules govern whether the attempt was legally sufficient. See Goodwin v. Furr, 25 F. Supp. 2d 713, 717 (M.D.N.C. 1998); See generally 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3738 (4th ed. 2009). Under North Carolina Rules of Civil Procedure section 4(a), a proper person for service is "the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. GEN. STAT. § 1A-1, Rule 4(a) (2011).[3] Furthermore, section (j) of Rule 4 requires that process be delivered to "an officer, director, or managing agent" of a corporation. N.C. GEN. STAT. §

---

[3] The plain language of Rule 4 of the Federal Rules of Civil Procedure provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

1A-1, Rule 4(j)(6).

MERS properly lodged a challenge to Plaintiffs' service and process. Plaintiffs failed to respond, even after notice from the Court that specified (1) the burden placed on Plaintiffs by MERS's motion, and (2) the potential consequences if Plaintiffs failed to respond. (Doc. No. 15 at 1–4). The uncontroverted averments by MERS are that "Plaintiff attempted to personally serve process," and that "the Summons issued in this case [was] directed to 'Mortgage Electronic Registration System (MERS),'" but did not designate any person authorized to be served on behalf of the corporation pursuant to Rule 4(j)(6) of the North Carolina Rules of Civil Procedure. (Doc. No. 9). Because Plaintiffs bear the burden of proving service of process was sufficient, and because Plaintiffs have neither provided any such proof, nor responded in any manner following the Court's notice to do so, the Court need look no further in deciding that service and process on MERS was insufficient as a matter of law.

Accordingly, the Court GRANTS Defendant MERS's Motion to Dismiss without prejudice. Furthermore, a court does not have personal jurisdiction over a defendant who is improperly served. Armco, 733 F.2d at 1089. Accordingly, the Court does not reach the Rule 12(b)(6) claim presented in Defendant MERS's Motion to Dismiss.[4]

**B. Wintrust's Motion to Dismiss pursuant to Rules 12(b)(6)**

Plaintiffs purport to assert two claims for relief, both of which seek a declaration from the Court that the deed of trust recorded against their real property is invalid. (See Compl. at 5–6). In order to survive a 12(b)(6) motion to dismiss, the complaint must contain more than

---

[4] Although the Court does not reach MERS's 12(b)(6) motion to dismiss, the Court notes that such an analysis would likely reach a result similar to that reached in Wintrust's 12(b)(6) motion.

mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678. The Court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. Randall v. U.S., 30 F.3d 518, 522 (4th Cir. 1994). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. Furthermore, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

The Court does not accept as true the legal theories and conclusions that constitute the bulk of the Complaint. See Iqbal, 556 U.S. at 678. Construing the Complaint liberally, the Court accepts as true Plaintiffs' allegations of the existence of a mortgage, an undisclosed promissory note, and a deed of trust. (See Compl. at 4–6). However, even accepting these allegations as true, there is no cognizable cause of action alleged. In other words, Plaintiffs' importation of phrases from court cases and other form documents – in some cases failing to insert words relevant to this case when prompted – cannot create a cause of action that does not exist.

**1. Claims sounding of "vapor money theory"**

Plaintiffs' theories of relief are commonly referred to as the "vapor money theory." In Demmler v. Bank One N.A., No. 2:05-CV-322, 2006 WL 640499 (S.D. Ohio March 9, 2006),[5]

---

[5] Due to the limits of Electronic Case Filing, a copy of each unpublished decision cited in this Order is placed in the electronic docket through incorporation of the Westlaw citation.

the district court explained the vapor money theory prevalent in this type of frivolous litigation:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into his account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the lender] . . . "created" the money through its bookkeeping procedures.

Id. at *3. Cases in this District, as well as others throughout the country, have uniformly rejected similar theories of recovery. See Barber v. Countrywide Home Loans, Inc., No. 2:09-CV-40-GCM, 2010 WL 398915, at *4 (W.D.N.C. Jan. 25, 2010) (citing Demmler); Allen v. Bank of Am., N.A., No. 1:11–CV–4029–RWS, 2012 WL 2839819, at *3 (N.D. Ga. July 10, 2012) (dismissing a claim "based on the allegation that 'Defendant created the money and credit upon its own books by bookkeeping entry as the consideration for the Promissory Note thus risking none of their own money in the transaction,'" and further characterizing the claim as "frivolous"); Frances Kenny Family Trust v. World Sav. Bank FSB, No. C 04-03724 WHA, 2005 WL 106792, at *5 (N.D. Cal. 2005) ("[The] 'vapor money theory' has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years."). All of Plaintiffs' claims based in whole or in part on this frivolous theory are therefore subject to dismissal.

**2. Claims sounding in fraud**

As noted above, Rule 9 requires a party to state with particularity "the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances required in pleading fraud are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River

Co., 176 F.3d 776, 784 (4th Cir. 1999). The court may dismiss a fraud claim when its allegations fail to meet the required pleading. Id. at 789. Here, Plaintiffs' vague and conclusory allegations are devoid of any specific dates, places, persons, or statements that would inform Defendant Wintrust of the alleged fraud. Accordingly, Plaintiffs' claims are insufficient under Federal Rule of Civil Procedure 9(b) to state any claim of fraud and should be dismissed.

For the reasons stated above, the Court GRANTS Defendant Wintrust's Motion to Dismiss for failure to state a claim upon which relief can be granted. In light of this ruling, the Court need not reach Defendant Wintrust's alternative Motion for More Definite Statement.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant MERS's Motion to Dismiss under Rules 12(b)(2), (4), and (5) is GRANTED and this civil action is DISMISSED without prejudice as to Defendant MERS; Defendant Wintrust's Motion to Dismiss under Rule 12(b)(6) is GRANTED and this civil action is DISMISSED as to Defendant Wintrust. The Clerk is respectfully DIRECTED to CLOSE the case.

Signed: October 4, 2012

Frank D. Whitney
United States District Judge